WILLIAM GRAHAM, Appellant, *against* THE FIREMEN'S INSURANCE COMPANY, Respondent.

(Decided December 6th, 1880.)

A policy of insurance against fire provided that "any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or an overvaluation, or any misrepresentation whatever, either in a written application or otherwise, or if the assured shall," &c., &c., &c., "then, and in every such case, this policy shall be void." *Held*, that the clause should not be deemed meaningless for want of connection between the sentences quoted, but must be construed as making void the policy for a misrepresentation as to the ownership of the property, made by the agent of the assured at the time of applying for the insurance.

Upon presentation of proofs of loss, the insurance company refused to accept them, as not in compliance with the policy, and defective in form and substance; and required "full performance, by the proper parties, of each and every provision, stipulation and condition in its said policy contained," denying all liability and reserving all objections; but did not state that it claimed that the policy was void. It subsequently refused to state the precise scope and nature of its objections, and repeated the requirement of full performance of the terms and conditions of the policy, but also reiterated its denial of any liability whatever. *Held*, that this did not amount to a waiver of the objection to the validity of the policy on the ground of the misrepresentation.

EXCEPTIONS taken by the plaintiff at a trial term of this court, ordered to be heard, in the first instance, at the general term.

The action was brought upon two policies of insurance issued by the defendants, loss, if any, payable to the plaintiff as mortgagee. At the time of the issuing of both policies, representations were made as to the occupancy of the premises, which were untrue. At the time of the issuance of the first policy, the agent of the plaintiff at the time of the application, in answer to specific inquiries, stated that the owner of the property was Mrs. Catherine E. Jack, the widow of Capt. Jack, of Brooklyn, who was going to keep a first-class hotel upon the property.

At the time of the application for the second policy it was stated by plaintiff's agent to the defendant, that there was a mistake in the given name of the assured—that it should be Margaret—but that the party was the same.

The first policy was altered accordingly, and the second policy was issued to Margaret E. Jack.

These representations were untrue. Margaret E. Jack was not an adult nor a widow, and did not conduct the hotel, but was an infant child three years old, having no general guardian.

Upon these facts being shown, the court directed a verdict for the defendant, to which the plaintiff excepted ; and his exceptions were ordered to be heard in the first instance at the general term.

*Hon. Lucien Birdseye,* for plaintiff.

*N. B. Hoxie,* for defendant.

VAN BRUNT, J.—[After stating the facts as above.]—The question involved in this appeal depends for its solution entirely upon the construction of certain language in the policy sued upon. In this policy it is provided as follows :

1. If an application, survey, plan, or description of the property herein insured is referred to in this policy, such ap-

plication, survey, plan, or description shall be considered a part of this contract, and a warranty by the assured; *and any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or an overvaluation, or any misrepresentation whatever, either in a written application or otherwise ;* or if the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of this company written thereon, or if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain, for more than thirty days, without notice to, and consent of, this company in writing; or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the consent of this company indorsed hereon; or if it be a manufacturing establishment, running in whole or in part over or extra time, or running at night, or if it shall cease to be operated, without special agreement indorsed on this policy ; or if the property be sold or transferred, or any change takes place in title or possession, whether by legal process, or judicial decree, or voluntary transfer or conveyance ; or if this policy shall be assigned before a loss, without the consent of the company indorsed hereon ; or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy ; or if the assured shall keep gunpowder, fire-works, nitro-glycerine, phosphorus, saltpeter, nitrate of soda, petroleum, naphtha, gasoline, benzine, benzole, or benzine varnish ; or keep or use camphene, spirit gas, or any burning fluid or chemical oils, except kerosene oil in dwelling houses, for the purpose of lighting the same, without written permission in this policy ; *then, and in every such case,* this policy shall be void.

It is urged by the counsel for the appellant that the words " and any false representation by the assured of the condition, situation or occupancy of the property," &c., have no connection with that which has gone before, and are not in any way

connected with the last sentence quoted from the policy, and are therefore entirely meaningless.

Construing the terms of the policy as strictly as we may against the defendant, I cannot see how such a conclusion can be arrived at. The plain meaning of the policy is to make it void in case of such a misrepresentation. If the court were called upon to construe any other contract where similar language was used, we could not hesitate a moment in determining the interpretation to be put upon the language. The plain import of the words is that the policy shall be void in case of misrepresentation in the particulars named, and any person reading the contract would so understand it unless his attention was particularly called to the omission which it is claimed renders the clause in question meaningless. In the construction of the contract that interpretation must be adopted which will give force and effect to all its provisions rather than one which will render an important clause of the contract meaningless. Having in view this rule, and also having in mind that the policy is to be construed most strongly against the company, I cannot see how we can strike out of the policy the clause in question.

The next point to be considered is whether or not the defendants have waived this objection.

The facts upon which the claim of waiver is founded are as follows: The plaintiff having submitted proofs of loss, upon the face of which appeared the proof of the misrepresentation now alleged, the defendants sent the following letter in reply:

JOHN F. HALSTED,                                    T. I. WHITLOCK,
          *Pres.*                                                  *Secretary.*

THE FIREMEN'S INSURANCE COMPANY, ⎫
          Office No. 153 Broadway,              ⎬
                    New York, March 23d, 1876. ⎭

WM. GRAHAM, Esq.,
          403 Broadway.

DEAR SIR:—We have had a document handed us purporting to be a "Proof of Loss," upon a certain building in Flatbush, called the "Bon Ton Hotel."

Graham *v.* The Firemen's Insurance Co.

We wish to notify you, as we have already verbally notified your attorney, A. C. Quackenbush, Esq., that we cannot recognize said document in any way, shape or manner; and, as it is of no value to us, we hereby notify you that we hold it subject to your order.

Very Resp'y Yours,

J. F. HALSTED,

*President.*

Certain proceedings having been taken, by which John Lindley, Esq., was appointed to serve proofs of loss upon the part of the said Margaret E. Jack, Mr. Lindley duly prepared said proofs of loss and served them upon the defendant.

Thereupon the defendant sent to Mr. Lindley the following letter:

OFFICE OF FIREMEN'S INS. CO.,
No. 153 Broadway,
New York, August 5th, 1876.

JOHN LINDLEY, Esq.,
120 Broadway, N. Y.

DEAR SIR :—The papers made and served upon this company by you, entitled and purporting to be "Proofs of Loss, Number of Policy 151,741," are not accepted or recognized by this company as proofs of loss in whole or in part, or as in any sense or degree in compliance with the conditions of the said policy.

This company denies that you ever had or have any right, power or authority to make or serve such papers, or that said papers have any force or validity whatever.

Such papers are also defective in form and substance, and not such as are required by the conditions of said policy.

This company has not waived or dispensed with, and does not, and will not waive or dispense with full performance by the proper parties, of each and every provision, stipulation and condition in its said policy contained.

This company has not admitted, and does not admit any liability for or on account of the alleged destruction of, or damage to, the property mentioned in said policy and in said

Graham *v.* The Firemen's Insurance Co.

papers, and expressly reserves any and all objections to any and all claims made, or to be made against this company, upon, under or by reason of said policy, for, or on account of the alleged destruction of, or damage to said property.

FIREMAN'S INSURANCE Co.,

J. F. HALSTED,

*President* .

On the 21st of October, 1876, the plaintiff's attorneys wrote a letter to the defendants, and on the 30th of October the defendants sent the following answer:

OFFICE OF FIREMEN'S INSURANCE Co.,
No. 153 Broadway,
New York, October 30th, 1876.

Messrs. BIRDSEYE, CLOYD & BAYLISS.

GENTLEMEN:—Your letter of October 21st, was duly received. The fact that Mr. Graham has commenced suit against the company would ordinarily be a sufficient reason for declining to make any answer to your letter; but, in view of the change of attorneys, and other circumstances, it is deemed proper to say to you that the policy of insurance of this company, upon which Mr. Graham makes a claim, clearly specifies what is requisite and necessary to establish a claim thereunder, and the conditions precedent to any recovery thereon; and this company does not admit any obligation to instruct the assured or other claimant in reference to the manner, or form, or sufficiency, of any attempted performance of or compliance with the conditions and stipulations of the contract, or to assist either of them therein. To so much of your letter, therefore, as calls upon this company to inform you of the precise scope and nature of all the objections to the papers heretofore served upon this company, and what objections exist as to the proofs of loss and papers served on this company, you are for answer respectfully referred to the policy in question, and informed that in this case this company has required, and does require, full performance of all its terms and conditions, and reiterates the declarations contained in its letter of August 7th, 1876, to John Lindley, quoted by you, and adheres to the position therein taken.

Graham *v.* The Firemen's Insurance Co.

The papers served upon this company on or about the 26th of September last, and referred to by you, have not removed any of the objections to the papers previously served.

Yours, respectfully,

FIREMEN'S INSURANCE Co.,

per J. F. HALSTED,

*President.*

OFFICE OF THE FIREMEN'S INSURANCE COMPANY, } No. 153 Broadway, New York. }

To WILLIAM GRAHAM.

SIR:—The papers served upon this company by you, through your attorneys, Messrs. Birdseye, Cloyd & Bayliss, on or about December 23, 1876, are not, and will not be, accepted or recognized by this company as proofs of loss in whole or in part, or as in any sense or degree in compliance with the conditions of the policies of this company held by you.

This company denies that Clarence F. Birdseye in said papers mentioned ever had or has any legal right, power or authority to make or serve such papers, or that said papers have any force or validity whatever, and reserves any and all objections to any and all claims made · or to be made against this company upon, under, or by reason of said policies.

New York, Feb'y 13, 1877.

THE FIREMEN'S INSURANCE Co.,

J. F. HALSTED,

*President.*

I have searched in vain through these letters to find even a suggestion of a waiver upon the part of the company of any of their rights. They have insisted in every letter that there was no valid claim against them upon the policies, and they refused to receive any proofs of loss as proofs of a loss upon which they could be held liable. When requested to give to the plaintiff's attorneys the precise scope and nature of all the objections to the papers heretofore served upon the company, they decline to do more than refer to the requirements of the policy, and

reiterate their refusal to admit in any way any liability upon the policies in question.    It is true that they did not say that they claimed the policy to be void, but they distinctly disclaim all liability thereunder.    It was not a mere objection to the proofs of loss, but they say, " This company has not admitted and does not admit any liability for or on account of the alleged destruction of or damage to the property mentioned in said policy," which was an express denial of liability, no matter what the proofs of loss were.

It is urged by the appellant that the company, after they knew of the misrepresentation, required of Graham as a condition of paying the money due under the policy, " full performance by the proper parties of each and every provision, stipulation and condition in said policy contained," but this language is accompanied with the reiteration of their denial of any liability whatever.    They did not say, If you furnish complete proofs of loss we will pay ; but they do say, We require proper proofs of loss, and even then we deny our liability.

The case of Titus *v.* Glens Falls Ins. Co. is entirely distinct from the one at bar.

In that case the company recognized the policy to be in existence for the purpose of an examination of the assured. The court say :  " It had the right to make such examination only by virtue of the policy : when it required him to be examined, it exercised a right given by the policy.    It then recognized the validity of the policy, and subjected the insured to trouble and expense, after it knew of the forfeiture now alleged, and it cannot now, therefore, assert its invalidity on account of such forfeiture."

In the case at bar the company took no action under the policy, and in every letter and communication repudiated all liability.

I can find no waiver of any defense the company might have against the plaintiff's claim.

The exceptions should be overruled, motion for new trial denied, and judgment for defendant, with costs.

VAN HOESEN, J.—I concur with Judge VAN BRUNT.  By

omitting to point out the defects in the proofs of loss, the company did not give validity to a policy that was previously invalid. By its course with respect to proofs of loss, a company may sometimes estop itself from taking advantage, at the trial, of formal defects in the proofs, which might have been rectified if objection to the proofs had been made before the action on the policy was begun. After saying that the proofs were defective, the company was not obliged to go farther, and specify the defects. The plaintiff should then have consulted the policy, to ascertain where, if anywhere, the alleged defect was (*Kimball* v. *Hamilton Ins. Co.*, 8 Bosw. 503). But conceding that the case of O'Neil (3 N. Y. 122), requires the formal defect in the proofs to be pointed out, if it is to be relied on to defeat a recovery on the policy, an omission to specify it would not, as I have said, estop the company from disputing that the policy ever took effect.

CHARLES P. DALY, Ch. J., concurred.

Exceptions overruled, and judgment ordered for defendants, with costs. *

---

* The judgment entered on this decision was affirmed by the court of appeals, November 22d, 1881.